(*a*) Same principle, 4 Johns. 419; 12 Johns. 306; 19 Johns. 341; 3 Cowen, 213; 11 Johns. 388; 2 Wils. 341.

---

*\*John C. Avery *v.* William Ruffin.*     **[420**

When the court of common pleas make an order under the statute to distribute fees between the late and present sheriff, the Supreme Court will not interfere unless a strong case of abuse is presented.

CERTIORARI to the court of common pleas of Hamilton county.

On September 4, 1823, a *fi. fa. et lev. fa.* was issued to William Ruffin, *then* sheriff of Hamilton county, in favor of E. Graham *v.* T. Graham, for five thousand four hundred and fifty-four dollars, with costs, returnable at December term, 1823. This execution was levied upon the real estate of Thomas Graham, by Ruffin.

On April 21, 1829, Ruffin's time of office, as sheriff, having expired, a *vendi. expo.* was issued to August term, 1829, directed to Avery, the *then* sheriff, to sell the real estate thus levied on by Ruffin, the former sheriff. Upon this writ Avery sold the land and made the money, and, at August term, 1829, the court, upon the application of Ruffin, ordered the poundage to be divided between the present and late sheriffs, in the proportion of two-thirds to the former, and one-third to the latter. To this order Avery excepted, and to quash it, sued out this *certiorari.*

STORER and Fox, for the plaintiff in *certiorari:*

We claim : 1. That the court had no power to make any distribution of the fees referred to between the former and present sheriff.

2 and 3. That the fees for poundage belong to the officer who makes the sale, exclusively, and no part of it could be claimed by a former officer, who may have made the levy merely.

The act regulating sheriff's fees (vol. xxii. 204) provides that the sheriff shall receive "poundage on all moneys made in execution, two per cent."

In 1826 the legislature passed an act providing: "That in all cases where any sheriff or coroner, having levied any execution, and whose term of office having expired, shall have returned such execution unsatisfied, or shall have delivered the same to his successor in office, before the money could be made thereon, it shall **421]** be lawful for the Supreme *Court, or court of common pleas, etc., to order the poundage and fees, etc., to be distributed between every such sheriff or coroner, and his successor, who shall have made the money thereon, in such proportion as they shall deem just and equitable." The question involved in the present suit depends on the true construction of the act last referred to. Nothing can be gathered from the decisions of other courts to aid this court in forming a correct judgment in the present case. It is a question about which very little can be said by counsel. It is contended by counsel that the sheriff's fees are named in the fee bill, and his right to the fees depends on the actual making of the money. It is a compensation for the risk of receiving and paying over the money, no part of which is run by the old sheriff, and, of course, he ought not to receive any portion of the compensation allowed for that risk.

The court have already decided that no right exists to fees for poundage, unless the money is actually received by the sheriff. The act above referred to is evidently based on the supposition that something has been earned by the sheriff who made the levy. But the decisions of this court show that the right to any fee is not acquired by a levy. The court, therefore, might as well undertake to give the poundage to the clerk as to the old sheriff, and to a stranger as well as to the clerk or sheriff.

N. WRIGHT, contra:

On motion of Mr. Ruffin, late sheriff, the court below ordered that one-third of the poundage charged in the case stated in the bill of exceptions, be paid by the defendant, then sheriff, to Ruffin, the late sheriff. To reverse this order *certiorari* is brought. In

Avery v. Ruffin.

the case stated, Ruffin had made the levy, and had taken various steps for making the money, but Avery made the sale. Ruffin contends that he is entitled not only to one-third, but to one-half the poundage.

The original order and motion were made pursuant to the statute of February 5, 1825. About that period a law had passed requiring the sheriff, who retired from office, to transfer *all [422 executions with property under levy, into the hands of his successor, thereby changing a practice, previously common, of issuing vendies to the ex-sheriff. In such cases a division of the poundage became necessary to a fair apportionment of reward according to labor. In our law poundage is given nominally for making the money; but, in making the money, many preparatory steps are necessary, which are all properly included in the labor of making the money, and should be compensated as such. There is no fee for searching out the property, for the hazard of seizing and keeping it, for the offering the property for sale, for the risk the sheriff runs of liability for trespass in these proceedings, or for sundry other services attending the protracted proceedings often attending levies on land. To compensate for all this, poundage is given, not accruing, to be sure, unless the money is actually made; but when it does accrue, obviously standing as a recompense for all the unfeed services necessarily attending the making of the money. If the money is made by a sale of land, the levy is as much a part of the labor by which the money is made, as the receipt of the money itself. Hence, the legislature directed in the statute above cited, that when a sheriff should make a levy and his term of office expire, the court might order such distribution of poundage between such sheriff and his successor as they might deem just and equitable. This statute provides for the exact case in question, and seems to me to settle the matter of right.

It has been argued that, as this court have decided that poundage is given only for the actual making or receiving of the money, that the ex-sheriff has had no part in receiving the money, and, therefore, it is not equitable that he should receive any part of the compensation.

But this decision applies only to the question when poundage is taxable; it is obvious that by the statute regulating fees, there may be many cases when poundage, or some part of it, might be justly and equitably due, although not legally so. The law deals

Avery v. Ruffin.

in generalities, and so fixes a general rule, which, if it operates harshly in some cases, makes compensation by a different operation in others. The rule must, of course, be fixed, and somewhat 423] arbitrary to avoid the *possibility of abuse. But that rule has nothing to do with the equity of the two sheriffs, arising out of the labor they may have respectively contributed toward making the money. Our statute fixes the case in which poundage is taxable, but does not fix the class of services for which it shall be considered a reward.

The statute of 1825 surely settles all these queries, for it is nugatory entirely, unless it applies to poundage, and contemplates a division of it between the two sheriffs. The other fees, taxed by the ex-sheriff for specific services, could never be a subject of distribution. The sheriff who performs must have the pay. The statute, therefore, would be nullified if poundage can not be divided. There is no sheriff in the state who does not feel the injustice of toiling for years with levies and attempts to sell, and losing all the poundage, because on the eve of a sale, or, perhaps, even after a sale, the execution must be turned over to his successor.

In the present case it is obvious that Ruffin's share of the labor was half, at least, and he insists that the allowance to him should have been half. One object of the parties is, to fix some rule by which successive sheriffs may be guided. A general rule of one-half would, undoubtedly, operate more justly than any other, and as both parties excepted in this case, it is claimed, on the part of Ruffin, that the judgment below shall be corrected by awarding to him the half of the poundage, if that can be done.

By the COURT:

At common law, an execution partly executed by a sheriff shall be completed by him after the expiration of his term of office; but by statute, vol. xxii. 201, sec. 8, he is directed to transfer all executions to his successor; and it is further provided, by the same statute, that no *vendi. expo.* shall be directed to, or executed by a sheriff whose term of office has expired.

By the statute of 1825, vol. xxiii. sec. 18, power is given to the Supreme Court or court of common pleas to order *poundage and* 424] *fees taxed* to be distributed between the sheriff and his *suc-cessor, in such manner and proportion as they may deem just and

equitable. The power to make the order in question was vested in the court of common pleas; and wherever that court has used its discretion in the exercise of that power, a strong case of its abuse must be presented to induce this court to interfere on *certiorari.* Let the order be affirmed.